ELLIS, Judge:
This is an expropriation case, in which plaintiff, Dixie Electric Membership Corporation is seeking a servitude for an electric transmission line, 100 feet in width, across the property of Eugene Davis. After trial on the merits, a judgment of expropriation was rendered, and defendant was awarded $7,266.40 for the part taken and $5,129.00 as severance damages to the remainder of the property. In addition, an expert witness fee of $825.00 was fixed for James Carpenter, who testified for defendant, and taxed as costs. Plaintiff has appealed, complaining that the judgment is erroneous in all of the above aspects, and that defendant should be taxed with the court costs.
Mr. Davis is the owner of a tract of land containing about 39 acres of land. The tract measures approximately 640 feet in width, running east and west, and about 2650 feet in length running north and south. It is divided into two parcels by State Highway 1025, a blacktop road which crosses the property in a northeasterly-southwesterly direction, leaving about 60% of the property south of the highway and about 40% north thereof. A two-acre parcel has been sold out of the southeast corner of the northerly parcel. A Gulf States Utilities servitude for a power line, 170 feet in width, crosses the entire property from north to south, the centerline of which enters the property about 187 feet from the northeast corner, and exits therefrom about 265 feet from the southeast corner.
Plaintiff herein has taken a servitude over a 100-foot strip which adjoins the Gulf States servitude on the west side thereof. For purposes of this suit the part taken is in two parcels, Tract No. 11, containing 2.69 acres lying north of the highway, and Tract No. 12, containing 3.17 acres lying south of the highway.
Mr. Davis’s home, a frame house, lies facing the highway on the south side thereof. One corner of the house is situated five feet from the westerly line of Parcel No. 12. Some fencing and a small shed lie within the limits of the servitude. There are no improvements lying north of the highway. There is a remainder of 7.4 acres west of Tract No. 11, north of the highway, and a remainder of 5.7 acres west of Tract No. 12 south of the highway. Mr. Davis’s home is on the 5.7 acre parcel.
Two experts testified, one for each side of the case. Mr. Oren Russell, testifying for the plaintiff, was of the opinion that the property had a value of $1,250.00 per acre, and that 80% of that amount should be awarded for the servitude taken. He estimated an award of $2,690.00 for Tract 11 and of $3,170.00 for Tract 12, or a total of $5,860.00. He was of the opinion that there were no severance damages to either the house or the two remainders as a result of the taking.
Mr. James Carpenter, who testified for defendant, was of the opinion that the property had a value of $1,717.00 per acre, and that 100% of that amount should be awarded for the servitude taken. This works out to an award of $4,618.73 for Tract 11, and of $5,442.89 for Tract 12. Mr. Carpenter testified that the remainders were damaged to the extent of 80% of their value for the first 100 feet adjoining the servitude taken and 10% of their value for that part lying more than 100 feet from the servitude. In addition, he felt that the house had been damaged to the extent of *1317 50% of its value because of the proximity of the right of way. These damages were testified to be $2,670.00 for the house, $4,784.00 for the southerly remainder and $5,764.00 for the northerly remainder, or a total of $13,218.00.
Both appraisers used the comparable sales method of arriving at their estimates. However, Mr. Russell used tracts comparable in size to the entire tract, including the Gulf States servitude. Mr. Carpenter used tracts comparable in size to that part of the property lying west of the Gulf States servitude. He was of the opinion that the Gulf States servitude had divided the original tract into two parcels. Both experts testified that it is generally true that smaller parcels have a higher unit value than larger tracts of similar land, and it is apparently this difference of approach which brought about the discrepancy in the opinions of the experts.
The trial judge awarded $7,266.40, which works out to be 80% of a per acre value of $1,550.00. Since no written reasons for judgment were rendered, we do not know how he arrived at this figure. However, considering all of the testimony, we cannot say that his conclusion is manifestly erroneous, or that the award made does not lie within the broad range of discretion accorded to trial judges in matters of this kind.
With respect to severance damages, neither expert used the “before and after” method which is generally considered to be the most acceptable technique for determining if severance damages are due. Mr. Russell testified that, in his experience, the proximity of an electric transmission line did not affect the value of adjacent property. Mr. Carpenter did not agree, and felt that the proximity of the line did, indeed, make the remainder less desirable, more difficult to sell, and therefore less valuable.
The trial judge awarded $5,129.00 as severance damages, without assigning reasons. Apparently, he was of the opinion that some severance damages were due, although not as great as those estimated by Mr. Carpenter. Once again, we find no manifest error or abuse of discretion in his conclusion.
Plaintiff’s complaint that the award of an expert witness fee of $850.00 to Mr. Carpenter is excessive is likewise without merit. Mr. Carpenter testified at one point that he spent 56 hours in preparation of this appraisal and two days in court. There is, therefore, substantial evidence in the record on which the trial judge could base that conclusion, and we find no manifest error therein.
Plaintiffs final specification of error is that, since it negotiated in good faith with defendant before filing this suit, it should not have to pay court costs. Since the award made by the trial court, and affirmed herein, is substantially in excess of the offer made by plaintiff prior to suit, we see no reason why defendant should bear the costs.
For the foregoing reasons, the judgment appealed from is affirmed, at plaintiff’s cost.
AFFIRMED.